Selwyn D. Whitehead, Esq. (SBN 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444
Fax: 510.856.5180
selwynwhitehead@yahoo.com

Outside Counsel for Debtor
NATIONAL PAVER SYSTEMS, INC.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

IN RE:

NATIONAL PAVER SYSTEMS, INC.,

          *Debtor.*

 

| |
|---|
| ) **Case No.: 4:23-bk-41339-CN** |
| ) **Chapter 11** |
| ) **DC No.: TRN-1** |
| ) |
| ) |
| ) **Debtor NATIONAL PAVER SYSTEMS,** |
| ) **INC.'s Motion for Reconsideration of** |
| ) **Amended Order Granting Motion for** |
| ) **Relief From Automatic Stay and** |
| ) **Memorandum of Points and Authorities in** |
| ) **Support Thereof; Declaration of Gabriel O.** |
| ) **Ark Majiyabe in Support Thereof; Exhibit** |
| ) **"A"; Certificate of Service** |
| ) |
| ) **Hearing:** |
| ) **Date:  April 19, 2024** |
| ) **Time:  11:00 A.M.** |
| ) **Place:  Via Zoom.gov** |
| ) |
| ) **Judge:** The Hon. Charles Novack |
| ) |

Motion for Reconsideration and MPA; Declaration of Responsible Individual in Support Thereof; Exhibit "A"
CASE NO.: 4:23-bk-41339-CN

Case: 23-41339   Doc# 91   Filed: 03/21/24   Entered: 03/21/24 19:48:46   Page 1 of 22

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

Debtor, NATIONAL PAVER SYSTEMS, INC. (hereinafter referred to as "Debtor"), hereby files this Motion to Reconsider the Court's Amended Order Granting Motion for Relief From Automatic Stay dated March 14, 2024 (hereinafter referred to as "Amended Order") and respectfully submits unto the Court as follows:

# I
# INTRODUCTION

The Fed. R. Civ. P. Rules 59(e) and 60(b) allow for reconsideration of previous decisions to correct errors of law or fact, including those caused by excusable neglect, and to present newly discovered evidence, with the goal of preventing or mitigation manifest injustice. The Debtor has met the requirements outlined in Fed. R. Civ. P. 59(e) and 60(b) by demonstrating errors of law or fact, caused by excusable neglect, and presenting the newly discovered evidence. The Debtor, through excusable neglect did not present the attached newly discovered evidence at the time of the entry of the Amended Order. The reconsideration will afford Debtor the full opportunity to present its case. Given this adherence to statutory guidelines and the imperative of affording parties a fair opportunity to assert their claims, it is incumbent upon the Court to grant the Motion for Reconsideration.

# II
# RELEVANT FACTS

On March 1, 2024, a hearing was held for Creditor NPI Debt Fund 1, LP's (hereinafter referred to as "Creditor") Motion for Relief from Stay (hereinafter referred to as "Motion"). On March 5, 2024, the Creditor lodged its Proposed Order Granting Creditor's Motion, which had been review and approved as to form by Debtor's Bankruptcy Counsel, Ms. Joyce K. Lau, Esq. [Dkt. 81]. On March 7, 2024, the Court granted the Creditor's Motion, without a waiver of the 14-day stay. [Dkt. 83]. On March 14, 2024, the Court granted the Amended Order for relief from automatic stay. [Dkt. 87]. The Amended Order contained the waiver language. It states, "The 14 day stay provided by Bankruptcy Rule 4001(a)(3) is

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 2 of 22

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

hereby waived." [Dkt. 87]. The Order dated March 7, 2024, and the Amended Order both were different from the one signed off by the Debtor's counsel on March 5, 2024.

Recently, after the Court granted the Amended Order, the Debtor, with the assistance of its outside counsel, discovered the required form and substance necessary for putting forth the admissible evidence needed to address this Court's query about the viability, habitability of the Debtor's real property and its necessity for the Debtor's Reorganization: a Contract – Proposal & Scope of Work along with a List of Violations. A true and correct copy of the Contract – Proposal & Scope of Work along with the List of Violations is attached hereto as **Exhibit "A"** to the Debtor's Responsible Individual's Declaration and fully incorporated herein by reference. This new evidence consists of a comprehensive scope of work and a bid document containing a detailed cost estimate for the necessary actions to rectify the code violations and restore the Debtor's real property commonly known as and located at 2230 – 23rd Avenue, Oakland, California (hereinafter, the "Subject Property") into City of Oakland habitability compliance.

### III
### ARGUMENT

1. **Legal Standard for Motion for Reconsideration.**

"A motion to alter or amend, or for reconsideration, may be made under either Fed. R. Civ. P. 59(e) or 60(b), applicable to bankruptcy proceedings under Fed. R. Bankr. P. 9023 and 9024. *Id.* If a motion for reconsideration is filed within fourteen days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.*" *In re Garrett-Beck Corp.*, No. 09-37774, 2012 Bankr. LEXIS 3911, at *7-8 (Bankr. S.D. Tex. Aug. 27, 2012).

Further, "if the order is interlocutory in nature the standard under Rule 9023 is applicable and if the order is final the standard under Rule 9024 applies." *In re Energy Future Holdings Corp.*, 575 B.R. 616, 627 (Bankr. D. Del. 2017). "As such, some courts have held that the court is free to apply whatever

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

3

standard it deems appropriate to a motion to reconsider an interlocutory order. Nonetheless, in *Calyon New York Branch v. American Home Mortg. Corp.*, this Court held that the standard under Rule 59(e) (made applicable by Fed. R. Bankr. P. 9023) should apply to motions to reconsider or to amend interlocutory orders." *Id.*

USCS Bankruptcy Rule 9023 states as follows:

> Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending."

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact. . . . *Fountain v. Vaughn*, 679 Fed. Appx. 117, 119 (3d Cir. 2017); *McSparran v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018)." *In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa. 2019). Federal Rule 59(e) and Rule 60(b) complement the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007) (citations omitted). In the present case, this Court signed the Amended Order on March 14, 2024, and the Debtor is filing this Motion within 14 days of the Amended Order. Therefore, the Debtor's Motion is timely. The Debtor's Motion meets the standard for reconsideration because it is based on newly discovered evidence.

**2. Reconsideration is required to correct errors of law or fact, here caused by excusable neglect, and present newly discovered evidence.**

"A motion to alter or amend a judgment under Fed. R. Civ. Pro. 59(e) may be granted on one of four grounds: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 4 of 22

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

by an intervening change in controlling law." *Landmark Home Mortg., Inc. v. Gonzales* (*In re Gonzales*), Nos. 12-47945 MEH, 12-04242 AH, 2014 Bankr. LEXIS 1394, at *1 (Bankr. N.D. Cal. Apr. 3, 2014). "A motion for reconsideration may be construed as a motion for relief from judgment under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b) permits relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b); (3) fraud misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)." *In re 7590 La Jolla, LLC*, No. 1:21-bk-11709-VK, 2022 Bankr. LEXIS 3423, at *1 (Bankr. C.D. Cal. Dec. 5, 2022).

In the present case, this Court granted a series of orders for relief from stay. The Order dated March 7, 2024, and the subsequent Amended Order are deficient as they do not align with the version signed off by the Debtor's counsel on March 5, 2024. [See Dkt. 81, 83 & 87].

Moreover, recently, after the Court granted the Amended Order for relief from automatic stay against the Debtor, the Debtor, with the assistance of its outside counsel discovered the required form and substance necessary for putting forth the admissible evidence needed to address this Court's query about the viability,  habitability of the Debtor's real property and its necessity for the Debtor's Reorganization: a Contract – Proposal & Scope of Work along with a List of Violations. [See **Exhibit "A"** of the Declaration of Gabriel O. Ark Majiyagbe, attached hereto ]. This new evidence consists of a comprehensive scope of work and a bid document containing a detailed cost estimate for the necessary actions to rectify the code violations and restore the property to compliance. The scope of work and bid

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 5 of 22

document outlines the specific measures required to mitigate the code violations, ensuring the property's adherence to applicable regulations, and returning it to operational status. The scope of work and bid document describes the work needed, including itemized costs for each aspect of the remediation process. The new evidence is crucial to the Debtor's case as it directly addresses the concerns raised by the previous ruling. Once the code violations are addressed, the subject property will be able to legitimately generate rental income. This revenue stream is integral to the Debtor's reorganization plan. Had the Debtor possessed this newly discovered evidence at the time the Court granted the Amended Order, it would likely have affected the outcome of the hearing.

### 3. The 14-day stay should not be waived.

"Bankruptcy Rule 6004(h) provides that an order authorizing the sale is stayed for 14-days after the entry of the order approving the sale unless the Court orders otherwise. Because the Debtor objected to the sale, and may well appeal the order approving the sale, the Court concludes that the stay should not be waived in this case." *In re Allard*, No. 18-14092 (MG), 2019 Bankr. LEXIS 2924, at *16 (Bankr. S.D.N.Y. Sep. 20, 2019). This rule allows an objecting party, like the Debtor, to appeal a sale order before such an order is implemented. See Advisory Committee Notes to FED. R. BANKR. P. 6004(g). "Moreover, "[i]f the objecting party informs the court that it intends to appeal and seek a stay, the stay period should not be reduced to less than an amount of time sufficient to allow the objecting party to seek a stay, unless the court determines that the need to proceed sooner outweighs the objecting party's interests." *Id.*" *In re Allard*, 2019 Bankr. LEXIS 2924, at *12.

Here, the Court has waived the 14-day stay in the Amended Order. The 14-day stay was necessary for the Debtor to prepare an appeal adequately. Now, the Debtor is running against the clock. First, the Debtor had to rush through the appeal hoping to enter it before the Creditor proceeded with the non-judicial foreclosure of its lien on the property. Second, the Debtor's appeal from the Amended Order will become moot with the closing of the sale, which has occurred. Nonetheless, the Debtor is informed

6

and believes the Subject Real Property was acquired by the Creditor via a "credit bid" and as such, there is no innocent bona fide purchaser for value who would be prejudiced by the relief requested by the Debtor. Therefore, the Debtor requests the Court reconsider its the Amended Order that waived the 14-day stay.

**IV**

**CONCLUSION AND PRAYER**

In light of the foregoing arguments and the newly discovered evidence presented herein, this Court has the authority to reconsider the Amended Order dated March 14, 2024. [Dkt. 87]. The Debtor has demonstrated compliance with the applicable legal standards outlined in Fed. R. Civ. P. Rules 59(e) and 60(b), as well as the necessity for reconsideration due to the discovery of material evidence subsequent to the issuance of the Amended Order. The waiver of the 14-day stay will adversely affect the Debtor's ability to appeal. The interests of justice and fairness dictate that the Court entertains this Motion to ensure that all pertinent evidence is considered in adjudicating the matter at hand.

Therefore, Debtor NATIONAL PAVER SYSTEMS, INC. respectfully requests this Court to grant its Motion for Reconsideration and, upon reconsideration, reverse its March 14, 2024, Amended Order granting relief from the automatic stay.

March 21, 2024

Respectfully submitted,

**LAW OFFICES OF SELWYN D. WHITEHEAD**

_/s/ Selwyn D. Whitehead_____

SELWYN D. WHITEHEAD, ESQ.

_Outside Counsel for Debtor_

NATIONAL PAVER SYSTEMS, INC.

Motion for Reconsideration and MPA; Declaration of Responsible Individual in Support Thereof; Exhibit "A"
CASE NO.: 4:23-bk-41339-CN

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

**Declaration of Gabriel O. Ark Majiyagbe In Support of Debtor, NATIONAL PAVER SYSTEMS, INC.'s Motion for Reconsideration of Amended Order Granting Motion for Relief From Automatic Stay**

I, GABRIEL O. ARK MAJIYAGBE, do hereby declare:

1. I am the Chief Executive of the Debtor, National Paver Systems, Inc., and its Responsible Individual in the above-referenced Chapter 11 bankruptcy case. Except for where I make statements based on information and belief, which I do believe to be true, I have personal knowledge of the facts set forth herein and as such, if called upon as a witness in this matter I could and would competently testify truthfully as to those facts.

2. I submit this declaration in support of National Paver Systems, Inc.'s Motion for Reconsideration of the Amended Order Granting Motion for Relief From Automatic Stay.

3. I attest that on or about March 11, 2024, I contacted Attorney Selwyn D. Whitehead of the Law Offices of Selwyn D. Whitehead requesting that she review the case documents filings in the Debtor's case and provide her opinion as to the Debtor's options going forward.

4. Thereinafter, on March 14, 2024, I personally retained Attorney Selwyn D. Whitehead of the Law Offices of Selwyn D. Whitehead as the Debtor's Outside Counsel.

5. This serves to inform the court that with the assistance of Ms. Whitehead I discovered for the first time the required form and substance necessary for putting forth the admissible evidence needed to address this Court's query about the viability, habitability of the Debtor's real property commonly known as 2230 – 23rd Avenue, Oakland, CA 94606 (hereinafter, the "Subject Property")and its necessity for the Debtor's Reorganization.

6. As such, and with the assistance of Ms. Whitehead as to the required content, but based solely on my own independent knowledge as a contractor and knowledge of the Subject Property, I prepared the truthfully and in good faith a scope of work to be done and related costs, denominated as a

8

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 8 of 22

Proposal & Scope of Work needed to rehabilitee the Subject Property and bring it back into City of Oakland Code compliance.

7. Attached hereto as Exhibit "A" is true and correct copy of the Contract – Proposal & Scope of Work that I prepared, along with the List of Violations I obtained from the City of Oakland.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this **21st** day of March 202r at Oakland, Alameda County, California.

BY _____
**GABRIEL O. ARK MAJIYAGBE**

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

9

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 9 of 22



Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

**Exhibit "A"**
(A Copy of the Contract – Proposal & Scope of Work along with the List of Violations)



# National Paver Systems, Inc.

**2230-A 23rd Avenue, Oakland, CA 94606 | 510-478-4378 | www.nationalpaversystems.com**

# CONTRACT-PROPOSAL
# &
# SCOPE OF WORK

This Contract is to remediate the code enforcement repairs at 2230 23rd Avenue for National Paver Systems, Inc. [NPS, Inc]. ("Contractor CSLB "Class B & D06" License # 1005674")]: Case No. 23-41339. The job will be performed in-house by NPS, Inc., saving a fortune in labor costs. The work shall be completed within 180 days of court approval to proceed and upon the issuance of permits and inspections by the City of Oakland Building & Planning department.

**JOB ADDRESS: 2230 23rd Avenue, Oakland, CA 94606**

**II. GENERAL SCOPE OF WORK & GENERAL DESCRIPTION: Mitigate balance of repair work under the Code enforcement violations, attached.**

The Contractor National Paver Systems, Inc. shall perform all work, provide all labor, supervision with Materials, and Equipment described below to complete the job in a good and workmanlike manner the following:

List of Violations To Be Remediated:

1. Unapproved alterations to back of the house - Unapproved rear attached unit at back of house without permits, inspections and approvals and Zoning approval.

>This code violation refers to the illegality of Unit 2230A. The violations have been partially resolved as follows: The 28" Non-load bearing partition wall separating unit 2230 from 2230A that makes unit #2230A illegal, has been removed already and restored to its original layout with a door. Thus, unit 2230 & 2230A have been merged into one unit and as it was originally intended. Both units combined, have now become unit #2230. This item is deemed completed already and there's no longer a code violation.

Contractor Initial

Page _1_ of _8_

Case: 23-41339   Doc# 91   Filed: 03/21/24   Entered: 03/21/24 19:48:46   Page 11 of 22

2. Unapproved kitchen counter and sink replacement at lower unit without permits, inspections and approvals.

Remove Kitchen Counter & Sink and re do to code

Cost . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$3,500.00

3. Kitchen window at unapproved rear unit opens into covered porch area at back of house.

Block off & reframe the window area. Cost: . . . . . . . . . . . . . . . . . . . . . $ 1, 500.00

4. Unapproved alterations at the bathroom in lower unit - Installing new tile surround at shower without permits, inspections and approvals.

Unresolved: Demo existing tile surround and re-install with permit.

Cost: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,500.00

5. Structural failure of front yard retaining wall. Required structural engineering, drawings and calcs prior to replacement.

Install a new Retaining Wall. Cost: . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,000.00

6. Unapproved drain/waste/vent alterations without permits, inspections and approvals at rear unit and main residence in rear covered porch.

Bring up to code and obtain City sign-off . Cost: . . . . . . . . . . . . . . . . . . . $3,850.00

7. Unapproved alterations to covered porch at main house; (water closet, toilet) installed; unapproved water pipping installed.

Mitigate with the building department to convert space into a half bathroom

Cost: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $8,500.00

<u>Croam</u>

Contractor Initial

Page _2_ of _8_

Case: 23-41339   Doc# 91   Filed: 03/21/24   Entered: 03/21/24 19:48:46   Page 12 of 22

8. Unapproved gas piping and ducting installed in attic for FAU. Lack of proper insulation at FAU ducts in attic.

**Correct deficient piping and properly insulate the ducting to code . . . . . $8,750.00**

9. Unapproved bathroom exhaust fan and venting installed on wood ceiling at covered porch.

**Reinstall exhaust fan and vent outwards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,500.00**

10. Unapproved water heater installation/alterations at basement with venting leading into chimney.

**Reroute vent outwards through the side wall. . . . . . . . . . . . . . . . . . . . . . . . $1,500.00**

11. Exposed electrical wire at ceiling light fixture at lower unit in kitchen.

**Resolved: This has already been completed.**

12. Unapproved electrical alterations including shielded M/C flex cable, receptacle and light switches installed without permits, inspections and approvals in main house and attic space for FAU.

**Partially resolved already. Balance of work Cost: . . . . . . . . . . . . . . . . . . . . $8,750.00**

13. Unapproved electrical alterations - electrical main panel, sub & panels & circuit breakers installed without permits, inspections and approvals.

**Resolved and finaled by the City building department already.**

_Goam_

Contractor Initial

Page _3_ of _8_

**III. CONTRACT PRICE:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $75,350.00

Goon

Contractor Initial

Page _4_ of _8_

## IV. NOTES & SPECIAL SPECIFICATIONS:

National Paver Systems, Inc. will be responsible for all labors and materials on all construction cited above which would be necessary for the whole process of construction and conclusion of this project.

City of Oakland Fees associated with the Permit [& Engineered drawing if required] are excluded from this Contract Proposal. We will inform the Client of this additional cost once it's been determined once the process is concluded with the City of Oakland.

Contractor Initial

Page _5_ of _8_

Case: 23-41339    Doc# 91    Filed: 03/21/24    Entered: 03/21/24 19:48:46    Page 15 of 22

## VI. COMMENCEMENT AND COMPLETION SCHEDULE

**Work will commence on: When approved by the Court.**

**Work will be completed within: |180| days from commencement (date). Time is of the essence regarding this Contract unless the Buyer has appended a verbal or handwritten statement that extends the work timeframe. However, considerations for Weather and Oakland building department approvals may be a factor that extend the time beyond our control.**

Goan

Contractor Initial

Page _6_ of _8_

## VIII. ADDITIONAL TERMS PROVISIONS AND CONDITIONS

**See page(s) attached: ____Yes ____No**

Croan
_____
Contractor Initial

Page _7_ of _8_

Case: 23-41339   Doc# 91   Filed: 03/21/24   Entered: 03/21/24 19:48:46   Page 17 of 22

## ACCEPTANCE OF CONTRACT

The condition specifications and prices stated in this Contract and any referenced attachment herein are satisfactory and are hereby accepted. The Contractor is authorized to do the work as specified.

CONTRACTOR'S SIGNATURE　　　　　　　DATE _March 20, 2024_

_Gabriel O. Ark-Majuyagbe_
_National Power Systems, Inc._
PRINT NAME

_Groom_
Contractor Initial

Page _8_ of _8_

**Address:** 2230 23RD AVE

**Inspection Date:** March 21, 2018

**A.P.N:** 026 -0757-014-00

**Complaint No.** 0606442

**Inspector:** Randy Schimm

**Occupancy:** RM-3

**No. of pages:** 3

**Approved Use:** Two Family Dwelling

**Revised Date:** April 2, 2018

## THE FOLLOWING MAINTENANCE VIOLATION(S) SHALL BE CORRECTED EXPEDITIOUSLY:

**1**

General – Any residential or non-residential building, structure or portion thereof which is determined to be an in an unsafe condition in accordance with the City of Oakland Building Construction Code; or any residential or non-residential building, structure or portion thereof, including but not limited to any dwelling unit, guest room or suite of rooms, commercial office or retail space, classroom or associated locker room or toilet room, assembly space, or any real property in which there exists any of the conditions referenced in this section to an extent that is unsafe to life, limb, health, property, safety or welfare of the public or the occupants thereof shall be deemed and hereby is declared substandard and a public nuisance.

1. Unapproved alterations to back of house – Unapproved rear attached unit at back of house without permits, inspections and approvals and Zoning approval.
2. Kitchen window at unapproved rear unit opens into covered porch area at back of house.
3. Unapproved alterations at bathroom in lower unit – Installing new tile surround at shower without permits, inspections and approvals.
4. Unapproved kitchen counter and sink replacement at lower unit without permits, inspections and approvals.
5. Structural failure of front yard retaining wall. Required structural engineering drawings and calcs prior to replacement.

OMC 15.08.340 N; (15.08340 B, 6, 9) OMC 15.08.340 D; OMC 15.08.260 A; OMC 15.08.230 G; OMC 15.08.260 C; OMC 15.08.120 and OMC 15.08.140. Remove/Restore/Repair to original use with permits, inspections and approvals.

**2**

Hazardous Electrical Wiring – Electrical wiring and equipment which was installed in violation of code requirements in effect at the time of installation or electrical wiring and equipment not installed in accordance with generally accepted construction practices in areas where no codes were in effect or which has not been maintained in good condition or which is not being used in a safe manner shall be considered Substandard and a Public Nuisance.

1. Exposed electrical wiring at ceiling light fixture at lower unit in kitchen.
2. Unapproved electrical alterations including shielded M/C flex cable, receptacles and light switches installed without permits, inspections and approvals in main house and attic space for FAU.
3. Unapproved electrical alterations - electrical main panel, sub panels & circuit breakers installed without permits, inspections and approvals.

OMC 15.08.340 E, 15.08.120, OMC 15.08.140, OMC 15.08.260 C. Restore/Repair - Correct with permits, inspections and approvals.

3

Hazardous Plumbing – Plumbing which was installed in violation of code requirements in effect at the time of installation or plumbing not installed in accordance with generally accepted construction practices in areas where no codes were in effect or which has not been maintained in good condition or which is not free of cross-connections or siphonage between fixtures shall be considered Substandard and a Public Nuisance.

1. Unapproved drain/waste/vent alterations without permits, inspections and approvals at rear unit and main residence in rear covered porch room.
2. Unapproved alterations to covered porch at back of main house; (water closet, toilet) installed; unapproved water piping installed.
3. Unapproved gas piping installed in attic for unapproved FAU.

OMC 15.08.340 F, OMC 15.08.120, OMC 15.08.140, OMC 15.08.230 D, E, & G.  Restore/Repair - Correct with permits, inspections and approvals.

4

Hazardous Mechanical - Mechanical equipment which was installed in violation of code requirements in effect at the time of installation or mechanical equipment not installed in accordance with generally accepted construction practices in areas where no codes were in effect or which has not been maintained in good and safe condition shall be considered Substandard and a Public Nuisance.

1. Unapproved bathroom exhaust fan and exhaust venting installed on wood ceiling at covered porch.
2. Unapproved water heater installations/alterations at basement with exhaust venting leading into chimney.
3. Unapproved FAU and ducting installed in attic.
4. Lack of proper insulation at FAU ducts in attic.

OMC 15.08.340 G, OMC 15.08.120, OMC 15.08.140, OMC 15.08.260 A & 15.08.230 G    Restore/Repair - Correct with permits, inspections and approvals.

☐ **Surface mold present on**

> (Description required, e.g. bedroom walls)

*See enclosed brochure for remediation guidelines.*

**CORRECTION NEEDED:**

Certain areas were not open for inspection. Any violations or deficiencies subsequently identified shall become a component part of this report and shall be corrected in an approved manner.

Corrections may not commence without issuance of a Compliance Plan, submittal of a performance security deposit, payment of all assessments and business tax license, field check inspection, and issuance of required permits.

Scan to: Code Enforcement-Chronological Abatement Activities
February 2015

City of Oakland – List of Violations

Case: 23-41339   Doc# 91   Filed: 03/21/24   Entered: 03/21/24 19:48:46   Page 21 of 22

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue Oakland, CA 94605
Phone: 510.632.7444

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2024, I caused a true and correct copy of the foregoing document(s):

**Debtor NATIONAL PAVER SYSTEMS, INC.'s Motion for Reconsideration of Amended Order Granting Motion for Relief From Automatic Stay and Memorandum of Points and Authorities in Support Thereof**

to be served upon the following via the CM/ECF system, to wit:

TOM R. NORMANDIN, ESQ. (SBN 102265)
tnormandin@pnbd.com
BRIAN D. CRONIN, ESQ. (SBN 317209)
bcronin@pnbd.com
PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 North Broadway, Suite 200
Santa Ana, CA 92706-2614
(714) 547-2444
*Attorneys for Creditor*
NPI Debt Fund 1, LP

At the time of service, I was at least 18 years of age.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ *Selwyn D. Whitehead*
SELWYN D. WHITEHEAD, ESQ.
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444
selwynwhitehead@yahoo.com